IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY LEE MORGAN,

    Petitioner,                                          No. CIV S-11-3191 GGH P

    vs.

MICHAEL BABCOCK, Warden,

    Respondent.                                   ORDER

_____/

Introduction

        Petitioner, a federal prisoner proceeding pro se, has filed an application for a writ of habeas corpus, purportedly pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.[1]

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

\\\\\

---

[1] Petitioner's consent to the jurisdiction of the undersigned was filed at docket entry # 4 on December 14, 2011.

1

Petition

Petitioner sets forth that he was convicted by a jury in 1999, under 18 U.S.C. §§ 2119 and 1201, for which he "was sentenced to a term of 382 months for the kidnapping and 300 months for carjacking." Petition, p. 6.[2] Petitioner states that state statutes cover these crimes.[3] Id. Petitioner evidently bases this petition on the recent Supreme Court ruling, Bond v. United States, ___ U.S.___, 131 Ct. 2355 (2011), wherein the high court found that a petitioner had standing to challenge her indictment under a federal criminal statute, 18 U.S.C. § 229, prohibiting possession or use of a chemical weapon on grounds that the statute intruded upon powers reserved to the states in violation of the Tenth Amendment. Petitioner attempts to predicate his challenge on an individual right under the Tenth Amendment to challenge the federal statutes under which he was convicted as encroaching on state sovereignty. Id., at 6-56. Petitioner indulges in a putative disquisition on the evolution of criminal laws from pre-revolutionary colonial times and the history of the Ninth and Tenth Amendments. Id. Petitioner cites United States v. Lopez, 514 U.S. 549, 551, 561 n.3. ,564, 115 S. Ct. 1624 (1995), and Jones v. United States, 529 U.S. 848, 858, 120 S. Ct. 1904 (2000), as examples of the Supreme Court's resistance to "federal assumption of plenary police power in areas that traditionally and historically [have] fallen under state or local control." Id., at 47. Petitioner seeks to have his federal conviction vacated with any prosecution left to the state of Nevada (under the laws of which petitioner believes he might have been subject to "a modest sentence") or, alternatively, to have an evidentiary hearing regarding his arguments. Id., at 49, 56.

*Analysis*

Generally, a motion pursuant to § 2255 is the appropriate vehicle by which to challenge a conviction. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488

---

[2] The pagination of the court's electronic docketing system is referenced.

[3] Review of the petition indicates that petitioner is referencing the state of Nevada's criminal laws. Petition, pp. 36, 49, 56.

U.S. 982 (1988), citing, inter alia, 28 U.S.C. § 2255.  See also, Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("[i]n general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention"), citing United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) ("holding that, in general, '[a] federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241"). Importantly, the remedies pursuant to § 2255 are not inadequate simply because the claim would be dismissed under § 2255 for procedural reasons. Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999).  Of critical importance here, only a sentencing court has jurisdiction over a § 2255 motion.  28 U.S.C. § 2255; Tripati, 843 F.2d at 1163.[4]  If the petition is construed as a motion under § 2255, only the District of Nevada has jurisdiction.  If the petition is correctly brought under § 2241 (to attack the execution of sentence as opposed to its legality), the district of incarceration, the Eastern District of California, and not the District of Nevada, is the proper place to bring the action.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

The Ninth Circuit has also held that because of the jurisdictional nature of the § 2255 inquiry, "a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue."  Id.

Plainly, petitioner is attempting to invalidate his conviction, which is initially, at least, a § 2255 matter.  The real issue becomes whether the § 2255(e) "savings clause" – "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention" – could come into play, thereby permitting a § 2241 petition to be filed in its place.  If such were permissible, this district, the district where petitioner is incarcerated, would be the proper place to bring the habeas petition.

---

[4] "Because a section 2255 motion may be brought only in the sentencing court, the Arizona district court, under this approach, correctly dismssed for lack of jurisdiction." Tripati, 843 F.2d at 1163.  The Seventh Circuit takes issue with the "jurisdictional nature" of the sentencing court having to hear the § 2255 motion.  Harris v. Warden, 425 F.3d 386, 388 (7th Cir. 2005).  However, the Ninth Circuit has held the matter jurisdictional, and that is the end of the matter for the undersigned.

Applications of the savings clause favorable to a petitioner/movant have been few and far between. "We have held that a motion meets the escape hatch criteria of § 2255 '"when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.' Stephens, 464 F.3d at 898 (9th Cir.2006) (internal quotation marks omitted)." Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008). In Stephens, jury instructions which became arguably errant after a Supreme Court decision were an insufficient basis for an actual innocence claim. In Harrison, a clarifying decision by the Supreme Court, arguably favorable to petitioner in the sense that his conduct would not have implicated a federal crime, decided after petitioner had filed several previous § 2255 motions did not satisfy the procedural impediment hurdle because petitioner could have raised the claim regardless of the decision at issue. But see Alaimalo v. United States, 645 F.3d 1042 (9th Cir. 2011).

The parties are directed to file, concurrently, a brief addressing whether the savings clause can be applied to allow petitioner to proceed within this court's jurisdiction under § 2241.

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's request to proceed in forma pauperis is granted;

2. Petitioner and respondent are directed to file briefs concurrently addressing the jurisdictional basis for whether this court may or may not proceed in the instant action, as set forth above, within twenty-eight days of the filed date of this order; and

3. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 on the United States Attorney.

DATED: February 27, 2012

        /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
morg3191.ord